# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Case No. 3:09cr00031-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **WILLIAM JOSEPH HALL** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

William Joseph Hall, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, arguing that counsel provided ineffective assistance on several grounds. The court finds that Hall's motion is barred by the one-year statute of limitations for filing a § 2255 motion, and that he has not demonstrated any grounds for equitable tolling. Therefore, the court dismisses his motion as untimely filed.

## I.

In 2010, Hall pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The court entered an amended judgment on June 7, 2010, sentencing Hall to a term of 72 months incarceration. Hall did not appeal. Hall submitted his § 2255 motion to the court on August 15, 2011. By conditional filing order, the court notified Hall that his motion appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due

diligence. See 28 U.S.C. § 2255). For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Thus, Hall's conviction became final on June 21, 2010, when his time to file an appeal expired, and he had until June 21, 2011 to file a timely § 2255 motion. However, Hall did not file his federal habeas motion until August 15, 2011, approximately 55 days after his time to file a timely § 2255 motion passed. Accordingly, Hall's motion is time-barred unless he demonstrates grounds for equitable tolling.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). A petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances beyond his control stood in his way and prevented timely filing. Holland v. Florida, 130 S. Ct. 2549 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)). The inmate "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). Unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, prison conditions, such as transfers, lockdowns, or misplacement of legal papers, normally do not

provided a basis for equitable tolling. See Dodd v. United States, 365 F.3d 1273 (11th Cir. 2001); Allen v. Johnson, 602 F.Supp.2d 724, 727-28 (E.D. Va. 2009).

In response to the court's conditional filing order, Hall concedes that his § 2255 motion is untimely but asks the court to grant him "special dispensation" because, since his incarceration, he has been transferred several times, was subject to a prison-wide lockdown, experienced delays in accessing the law library, and did not have access to his personal files for several months. Hall does not allege which documents in his personal files, if any, he needed access to in order to file his § 2255 motion. The court finds that Hall's arguments do not rise to the level of the "rare instance" in which equitable tolling should be applied. Moreover, Hall has not demonstrated that he was diligent in pursuing his rights. Accordingly, the court finds that Hall has not demonstrated grounds for equitable tolling and, thus, his motion is untimely.

### III.

For the reasons stated, the court dismisses Hall's § 2255 motion as untimely filed.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 22nd day of September, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE